## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ———————————————— ) | |
| GERALD STONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-0010 (ABJ) |
| ) | |
| ERIC HOLDER, U.S. Attorney General, ) | |
| ) | |
| Defendant. ) | |
| ———————————————— ) | |

## MEMORANDUM OPINION

Plaintiff Gerald Stone, proceeding *pro se*, has filed three separate complaints with this Court. *Stone v. Dep't of the Treasury*, No. 11-cv-1992; *Stone v. HUD*, No. 11-cv-02070; *Stone v. Holder*, No. 12-cv-0010.[1]  Defendants each move to dismiss under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.  *Stone v. Dep't of the Treasury*, 11-1992, [Dkt. # 3]; *Stone v. HUD*, 11-2070, [Dkt. # 4], *Stone v. Holder*, 12-0010, [Dkt. # 4].  Because the Court lacks subject matter jurisdiction over these cases under the doctrine of sovereign immunity, the Court will grant the motions to dismiss.

### I.    BACKGROUND

#### A.  Factual and Procedural Background

All three cases before the Court relate to plaintiff's criminal conviction in 2004 in the U.S. District Court for the Northern District of Texas and the terms of his sentence pursuant to a written plea agreement.  That case has a long history.  Plaintiff pled guilty to two counts of a

---

1    An identical memorandum opinion has been filed in all three cases.

thirty-six count indictment:  conspiracy to commit theft from an organization receiving federal assistance and tax evasion.  *See Stone v. United States*, Nos. 3:09-cv-1862-N, 3:04-CR-318-N(02), 2010 WL 2403720, at *1 (N.D. Tex. May 6, 2010).   On February 1, 2007, the court sentenced plaintiff to twenty-four months imprisonment on both counts to run concurrently, three years of supervised release, restitution to be paid to HUD, and forfeiture of certain assets.  *Id.*  Stone appealed his conviction to the U.S. Court of Appeals for the Fifth Circuit, arguing that there were insufficient facts to support his guilty plea and conviction.  *United States v. Hildenbrand*, 527 F.3d 466, 470 (5th Cir. 2008) (appealing conviction of plaintiff and his wife/co-defendant Barbara Hildenbrand).  The Fifth Circuit affirmed Stone's conviction.  *Id.* at 478–79.

Plaintiff then filed a motion in the U.S. District Court for the Northern District of Texas to vacate, set aside, or correct his sentence under 28 U.S.C. § 2225, arguing that the district court lacked jurisdiction to convict and sentence him and that the restitution and forfeiture orders were improper.  *See Stone*, 2010 WL 2403720, at *1, 5.  The magistrate judge denied plaintiff's section 2255 motion.  *Id.* at *6.  The district court adopted the magistrate judge's findings, conclusions, and recommendation.  *Stone v. United States*, Nos. 3:09-cv-1862-N, 3:04-cr-318-N(02), 2010 WL 2404281 (N.D. Tex. Jun. 15, 2010).

Plaintiff filed another appeal, which challenged the forfeiture order.  *United States v. Stone*, 435 Fed. App'x 320 (5th Cir. 2011).  The Fifth Circuit dismissed the appeal for lack of jurisdiction on the grounds that plaintiff had no interest in the forfeited property when the district court entered the forfeiture order.  *Id.* at 322.  Plaintiff then filed a civil complaint in this Court against Secretary of HUD Shaun Donovan, seeking several declaratory judgments regarding the

existence of the Single Family Affordable Housing Program and its operations.  *Stone v. Donovan*, No. 11-cv-01282.  Plaintiff voluntarily dismissed that case with prejudice.

### B.   The Cases Currently Before the Court

The first case pending in this Court is an action against the Department of the Treasury seeking the return of property seized by the Department pursuant to a judicial forfeiture order. *Stone v. Dep't of the Treasury*, No. 11-1992.  Plaintiff alleges that the Department of Treasury had no jurisdiction to seize his property.  Compl. (Treasury) ¶ 2.

The second case is an action against HUD seeking return of restitution payments plaintiff made to that agency pursuant to the plea agreement in his criminal case.  *Stone v. HUD*, No. 11-02070.   Plaintiff alleges that HUD violated the Mandatory Victims Restitution Act of 1996 and that it was "arbitrary and capricious" to accept restitution payments from him.  Compl. (HUD) ¶¶ 2, 3.

The third case is an action against Eric Holder, Jr., in his official capacity as United States Attorney General.  *Stone v. Holder*, No. 12-cv-0010.  Plaintiff alleges that the Department of Justice failed to establish that the federal court in Texas had subject matter jurisdiction to sentence him.  Compl. (Holder) ¶ 3.

## II.    STANDARD OF REVIEW

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).  Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction.") (citation omitted).  Because "subject-matter

jurisdiction is an 'Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).   When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987).   Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

Additionally, where a plaintiff proceeds *pro se*, "the Court must take particular care to construe the plaintiff's filings liberally, for such complaints are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Cheeks v. Fort Myers Constr. Co.*, 722 F. Supp. 2d 93, 107 (D.D.C. 2010), quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## III.    ANALYSIS

### A.  The Court Lacks Jurisdiction Under the Doctrine of Sovereign Immunity.

Under the doctrine of sovereign immunity, the United States is immune to suit unless Congress has expressly waived the defense of sovereign immunity by statute. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.")  This immunity extends to federal agencies, including the Department of Justice, the Department of the Treasury, and HUD.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign

immunity shields the Federal Government and its agencies from suit."); *see also Transohio Sav. Bank v. Director, Office of Thrift Supervision*, 967 F.2d 598, 607 (D.C. Cir. 1992). Sovereign immunity also applies to a federal official sued in his official capacity. *Jackson v. Donovan*, Civil Action No. 11-1213 (CKK), --- F. Supp. 2d ---, 2012 WL 574075, at *1 (D.D.C. Feb. 23, 2012), citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Plaintiff bears the burden of establishing that sovereign immunity has been abrogated. "[A] plaintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss." *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006), citing *Tri–State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003).

Here, plaintiff fails to establish that sovereign immunity has been waived. With respect to the complaint against the Department of the Treasury, plaintiff alleges that the agency did not have jurisdiction to seize his property. Compl. (Treasury) ¶¶ 2, 13. Plaintiff premises jurisdiction on 28 U.S.C. § 1331, but that statute, which establishes this Court's jurisdiction over federal questions, does not provide a waiver of sovereign immunity. *See Walton v. Fed. Bureau of Prisons*, 533 F. Supp. 2d 107, 114 (D.D.C. 2008).

With respect to the complaint against HUD, plaintiff alleges that HUD violated the Mandatory Victim Restitution Act of 1996 ("MVRA"), by accepting restitution in his criminal case. Compl. (HUD) ¶¶ 1, 2. The MVRA requires courts to order restitution to the victims of certain offenses. 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A). The statute does not provide a waiver of sovereign immunity.

Plaintiff also claims it was arbitrary and capricious for the agency to accept the restitution payments. Compl. (HUD) ¶ 2. The Court construes this claim as one brought under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq*. The APA does provide a limited

waiver of sovereign immunity for final agency action in claims seeking relief other than money damages. *Id*. § 702.  However, the APA does not provide a basis for jurisdiction in this case because plaintiff has failed to identify the existence of any final agency action.  The restitution payments resulted from a court order, not from any act of the agency.  Moreover, the APA only permits review of agency action "for which there is no other adequate remedy in a court[.]" *Id*. § 704.  In this case, the habeas corpus statute, 28 U.S.C § 2255, provides the appropriate remedy because it permits collateral attacks of federal convictions.[2]

With respect to the complaint against Eric Holder, plaintiff asserts that the Court has jurisdiction under:  (1) 28 U.S.C. § 1331; (2) the Declaratory Judgment Act, 28 U.S.C § 2201; and (3) the APA.  Compl. (Holder) ¶ 9.  The Court has already determined that 28 U.S.C. § 1331 does not waive sovereign immunity.  Likewise, the Declaratory Judgment Act does not provide a waiver of sovereign immunity.  *See Walton*, 533 F. Supp. 2d at 114 (determining that the Declaratory Judgment Act does not waive the government's sovereign immunity).  And, as with plaintiff's case against HUD, the limited waiver of sovereign immunity found in the APA is inapplicable here because there is no final agency action that is reviewable under the APA.

**B.  Plaintiff's Lawsuits are Improper Collateral Attacks.**

Even if the federal defendants were amenable to suit, it is clear that plaintiff's lawsuits are thinly veiled and improper attempts to collaterally attack his conviction in the U.S. District Court for the Northern District of Texas.  The relief that plaintiff seeks in all three cases would overrule the judgment of that court.  *See 37 Associates, Tr. for the 37 Forrester St., SW Trust v.*

---

[2]    The Court notes that plaintiff has unsuccessfully pursued relief under 28 U.S.C § 2255. *See Stone*, 2010 WL 2404281, at *1.  A second section 2255 motion can only be brought with the certification of a "panel of the appropriate court of appeals," 28 U.S.C. § 2255(h), which, in this case, is the Fifth Circuit.

*REO Const. Consultants, Inc.*, 409 F. Supp. 2d 10, 14 (D.D.C. 2006) (A "second action . . . is a collateral attack if, in some fashion, it would overrule a previous judgment.") (citation omitted). [3] "Unlike a direct appeal, a collateral attack questions the validity of a judgment or order in a separate proceeding that is not intended to obtain relief from the judgment." *REO Const. Consultants, Inc.*, 409 F. Supp. 2d at 14, quoting *In re Am. Basketball League, Inc.,* 317 B.R. at 128.

Plaintiff contends that the lawsuits are not collateral attacks on his criminal convictions because "[t]he Government's assertions are a transparent attempt to avoid proving that the court had subject matter jurisdiction in the first place." Pl.'s Opp. (Treasury) [Dkt. # 9] at 1; Pl.'s Opp. (HUD) at 1 [Dkt. # 10]; Pl.'s Opp. (Holder) [Dkt. # 10] at 1. But defendants have no obligation to establish that there was jurisdiction in federal court in Texas to adjudicate plaintiff's prior criminal proceeding. While plaintiff is correct that "[e]nsuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit," *id.* at 2, citing *McCready v. White*, 417

---

3    Plaintiff's complaint against Eric Holder alleges that the Texas court lacked subject matter jurisdiction over his criminal case and seeks a declaratory judgment that a certain federal program, the Single Family Affordable Housing Program ("SFAHP"), does not exist. Compl. (Holder) at ¶¶ 2–4, 20. Granting plaintiff the relief he seeks would overrule the judgment of the Northern District of Texas and the Fifth Circuit. *See Stone*, 2010 WL 2403720, at *2, *report and recommendation adopted*, 2010 WL 2404281.
     Plaintiff's case against the Department of the Treasury seeks the return of property seized pursuant to a forfeiture order of the federal court in Texas. Compl. (Treasury) at ¶¶ 1, 18. Granting plaintiff this relief would also overrule the judgment of the federal court in Texas and the Fifth Circuit. *See Stone*, 435 Fed. App'x at 321–22 ("Stone's interest in the forfeited property was resolved by the preliminary order of forfeiture, which became final as to Stone at his February 1, 2007, sentencing . . . . Consequently, Stone no longer had any interest in the forfeited property when the district court entered the final order of forfeiture.") (citation omitted).
     Finally plaintiff's complaint against HUD seeks return of the restitution payments he made to that agency pursuant to a plea agreement in his criminal case and a declaratory judgment that the housing program SFAHP does not exist. Compl. (HUD at ¶¶ 15–16). Granting this relief would also overrule the judgments of the district court in Texas and the Fifth Circuit. *See Stone*, 2010 WL 2403720, at *2, *report and recommendation adopted*, 2010 WL 2404281.

F.3d 700 (7th Cir. 2005), that duty refers to the subject matter jurisdiction of the court that adjudicated his conviction.  Plaintiff's remedies, which the Court notes he has already pursued, are found in 28 U.S.C. § 2255 or the appellate process.  This Court has determined that it lacks jurisdiction over the cases that are pending before it, and that conclusion ends the matter.

## IV.    CONCLUSION

Because it lacks subject matter jurisdiction, the Court will grant defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(1).  *See Stone v. Dep't of Treasury*, No. 11-cv-1992 [Dkt. # 3]; *Stone v. HUD*, No. 11-cv-2070, [Dkt. # 4]; *Stone v. Holder*, No. 12-cv-0010, [Dkt. # 4].  The Court does not reach defendants' arguments that the cases should be dismissed under Rule 12(b)(6).

Accordingly, the claims in all three cases will be dismissed with prejudice.  A separate order will issue.


AMY BERMAN JACKSON
United States District Judge

DATE:  May 9, 2012